May it please the Court, I'd like to reserve two minutes for rebuttal. Initially, Respondent Appellant preserves his arguments that Murr does not have a federal liberty interest in parole, that Greenholz is the only United States Supreme Court case to address the process due in state proceedings, and that Murr receives these protections. We acknowledge this Court has made contrary decisions, but we'd just like to throw that out there. Even if this Court is permitted to review the State Court's decision to determine whether it unreasonably applied California's sum evidence standard, Murr is not entitled to relief because the State Superior Court's decision was not objectively unreasonable. The Superior Court applied the sum evidence standard established in Rosencrantz and determined that there was sum evidence in the record to support the Governor's decision. But it was entirely based upon the commitment offense, was it not? No, not in this case. It was not. I thought that was the case here. No, the last case was the commitment offense alone. No, I understand. But what evidence was there in this case other than the Murr's commitment offense that they relied upon? The Superior Court found multiple factors, including the commitment offense, Murr's criminal history, his initial deplorable prison conduct, and his failure to accept full responsibility or minimization of his crime. And there are no factual disputes here, so the only question is whether the Superior Court unreasonably applied the sum evidence standard. And based on these factors, the Court found there was sum evidence under Rosencrantz to support the Governor's decision. Unless there are questions about that, I would just like to discuss the remedy issue again. Without requiring you to repeat what you said before, do you have a position with regard to the State Superior Court's determination in light of the subsequent case law made available by the California Supreme Court? If the Superior Court were to apply current case law, would it have a basis to reach the same result? I believe so. Of course, it didn't have that available, so we aren't looking at that type of record. You're not, but I think we do. Especially because of the Governor's reliance on petitioners' minimization of his crime, that could tie into his current risk to public safety, and I believe there is enough in this record to affirm under Lawrence. But if not, again, we would request that this Court send it back to the Governor to issue a new decision consistent with Lawrence if this Court finds that that is the law that controls. And I do have a cite for one California Appellate Court case that issued a similar remedy as we talked about in the last argument. In Re Ross is 170 Cal Appellate 1490, and that was decided last year. And there the Court did, in a pre-Lawrence decision, send the matter back to the Governor to issue a new decision consistent with Lawrence. Again, we rely on Haggard to say that the liberty interest is defined by the State, and here the State law and State statutes and case law do not permit release. While some courts do permit release, no court has ever awarded this extra time against a parole term. Can I just ask you one question to follow up on this in Re Ross? I'm not familiar with that one, but it's, in Lawrence, in Lawrence and in Ray McDonald, which is November 2, 2010 case, State case, in the case of in Ray McDonald, the distinguished Lawrence and Prather and held that remand of the Governor is not the proper remedy. So that would apparently fly in the face of Ross. Yes, I'm not familiar with that. I'll give you the site if you want. It's 2010 Westlaw 4296705, and it's California Court of Appeal, dated November 2, 2010. And I'm not sure in that case whether the underlying parole decision was pre- or post-Lawrence. It must have been, because it distinguished Lawrence and Prather. Oh, the underlying parole decision. Again, we would still throw out Ross as holding that in this case, because it was well before Lawrence that sending it back, as the Ross court did, would be more appropriate here. At the very least, you'd have to look at McDonald, but if my understanding is correct, we've got conflicting California authority about where we send this if we agree with Mr. Murr, that in this case it doesn't go back to the Governor, but it goes back to the Parole Board. Yes, and even if you look at McDonald, we're not talking about credit-sorted parole terms. No, no, this is strictly a question of where it goes, that's all. So you do agree that there appears to be a conflict under California law as to where it goes? There are some conflicts under California law, yes, but no California court has held a reduction of parole term or discharge from parole as this court extends otherwise. I'll reserve the rest of my time. I think you look great, Mr. Hanson. Just want you to know that. All right. Well, again, I'm not sure what more I could add to what has been discussed here. I think it's a very similar situation. While this man was given a denial on January 3rd, January 23rd, 2004, and then January 23rd, 2007, it was reversed. So from 2007 to the present time is another three years. And there's no question he's now still under that burden. And the arguments I made before I think require this court to say, well, there's been a tremendous amount of time that this man has spent beyond what he should have. And the equities of the cases I cited here should take care of it. And there's no need to remand it to any parole board. What they're trying to do, of course, is to get it to a parole board, because then the governor can take a second shot at it from the parole board. And there's been a couple cases from the courts that have suggested that the governor really doesn't review these things anyway. And they kind of wonder how this governor is facing the tremendous economic crisis in the state of California can justify spending time with all these individual cases. And I think that's a very salient cognization of a couple of the court of appeals of the state. I just don't think it's a realistic thing. I don't think the governor really honestly reviews these cases. And I think the statistics show that he goes against most of these cases and reverses them and so forth. So I kind of question why we have psychiatrists, psychologists who say, well, he's not a critical danger to society or anything like that. And then the governor follows it elsewhere. In this particular case where they took advantage of something. It's a political decision. It probably is. I'm interested in your take on Prather. It certainly doesn't require that remand of the governor is required in a situation like this. And Lawrence, of course, upheld vacating the governor's reversal of parole without remand, just releasing him. Do you have any thoughts on which if either of those principles is controlling here? In other words, what does California law tell us if we agree with your underlying position? Is our remedy to send it back to the parole board? Are we required to send it to the governor? Or could we just say there's no sense in sending it anywhere? He's entitled to parole right now. The latter is my position. And what do you rely upon? What case law do you rely upon? Well, because certainly all the cases satisfy the situation that he is entitled to a reversal of these decisions. The question is, as far as I'm concerned, has any California court spoken, and I don't think they have, to what is the consequences of going back to the old parole situation? In other words, I don't think a case has really spoken to this particular issue of whether you have to send it back for another review of the parole release date. That's what I'm concerned about. I don't think there's any case that's spoken to that. There is the N. Ray Smith case, the 2003 California Court of Appeal case, that suggests that remanding a matter to the governor would be an idle act if the court had found that there was not, in quotes, some evidence. Is that your position? Yes. You've got to remember that these decisions were made before Lawrence and Chaputis came along. And they took a look at the immutable acts under 2402C like in CAT, which is the negative factors that would disallow parole, and seized on those and say, well, that's enough. There is historical facts, historical immutable facts, and so the law has been changed, and I think that's all the difference in the world. Okay, thank you. Our turn. Oh, she's got a rebuttal. What? She's got a rebuttal. I don't have anything directly to respond to in rebuttal, so unless this court has any questions, I'd just like to say the Superior Court did not unreasonably apply the States and Evidence Standard here, and so this court disagree the proper remedy is to remand the matter to the governor for a procedurally proper parole decision consistent with Lawrence. Thank you. Thank you. Thank you. The matter is submitted, and we'll take a brief recess.
judges: Pregerson, Clifton, Smith M.